TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Louis La Rue,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis La Rue, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; and Chase Bank USA, NA, a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, LOUIS LA RUE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are as follows:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

    b. Chase Bank USA, NA ("Chase"), which is a national association with its registered offices located in Wilmington, Delaware.

## **GENERAL ALLEGATIONS**

6. Chase is reporting its trade line with account number 541822378672 ("Errant Trade Line")…. on Plaintiff's Experian credit file with multiple charge offs.

7. These multiple charge offs convey to any user or prospective of Plaintiff's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

8. On or about May 28, 2015, Mr. La Rue obtained his Experian credit file and noticed the multiple charge offs on the Errant Trade Line.

9. On or about September 15, 2015, Mr. La Rue submitted a letter to Experian, disputing the multiple charge offs on the Errant Trade Line.

10. Upon information and belief, Defendant Experian forwarded Mr. La Rue's dispute to Chase.

11. On or about September 28, 2015, Mr. La Rue received Experian's investigation results, which showed that Chase retained the multiple charge offs on the Errant Trade Line.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. La Rue as that term is defined in 15 USC 1681a.

14. Such reports contained information about Mr. La Rue that was false, misleading, and inaccurate.

15. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. La Rue, in violation of 15 USC 1681e(b).

16. After receiving Mr. La Rue's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

17. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. La Rue has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

18. Experian is liable to Mr. La Rue by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

4

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. La Rue as that term is defined in 15 USC 1681a.

21. Such reports contained information about Mr. La Rue that was false, misleading, and inaccurate.

22. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. La Rue, in violation of 15 USC 1681e(b).

23. After receiving Mr. La Rue's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

24. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. La Rue has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

25. Experian is liable to Mr. La Rue by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Experian of the Plaintiff's consumer dispute to the Errant Trade Line, Chase negligently failed to conduct a proper investigation of Mr. La Rue's dispute as required by 15 USC 1681s-2(b).

28. Chase negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

29. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. La Rue's consumer credit file with Experian to which it is reporting such trade line.

30. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Mr. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

31. Chase is liable to Mr. La Rue by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

32. The Plaintiff has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for damages, costs, interest and attorneys' fees.

### COUNT IV
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Experian that Mr. La Rue disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper investigation of Mr. La Rue's dispute.

35. Chase willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

36. As a direct and proximate cause of Chase's willful failure to perform its respective duties under the FCRA, Mr. La Rue has suffered damages, mental anguish, suffering, humiliation and embarrassment.

37. Chase is liable to Mr. La Rue for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:   January 6, 2016

                                    NITZKIN & ASSOCIATES


                                    By:   */s/   Trinette G. Kent*
                                    Trinette G. Kent
                                    Attorneys for Plaintiff,
                                    Louis Rue

8

Case 2:16-cv-00024-JJT Document 1 Filed 01/06/16 Page 9 of 9